JAMES E. GRESEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gresen v. Commissioner
Docket No. 42442-84.
United States Tax Court
T.C. Memo 1986-152; 1986 Tax Ct. Memo LEXIS 458; 51 T.C.M. (CCH) 860; T.C.M. (RIA) 86152; April 16, 1986. James E. Gresen, pro se. Mark D. Peterson, for the respondent. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to section 7456(d) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $2,955 in petitioner's 1981 Federal income tax. After concessions by the parties, the issues for decision are: (1) Whether petitioner had automobile expenses in an amount greater than those allowed by respondent; (2) whether respondent properly disallowed petitioner's *460 claimed investment tax credit with respect to petitioner's automobile; and (3) whether respondent properly disallowed petitioner's home office expenses. Petitioner resided in Milwaukee, Wisconsin, at the time the filed his petition. Some of the facts have been stipulated and are incorporated herein by reference. During the taxable year, petitioner was an employee of WIZA Industries (WIZA). In addition, he was the sole proprietor of a business which he operated from his home. Petitioner sold precision measuring tools. Petitioner claimed that, beginning in March 1981, he used his automobile for business purposes only, except for occasional trips to the store. On his return for 1981, petitioner claimed mileage expenses for trips which he made between WIZA and his residence. Petitioner claimed $2,360 in car and truck expenses. [2] In addition, he claimed depreciation of $2,048.66 on his automobile. Respondent, utilizing the standard mileage rate, allowed a deduction of $292 based upon a log maintained by petitioner. Respondent disallowed the entire amount of claimed depreciation. *461 Automobile expenses are deductible if the automobile is used in connection with a trade or business; that portion of the use which is attributable to personal use is nondeductible. Sections 162(a) and 262. If the automobile expenses are deductible then there are two methods of computing the amount: the first is the actual method, whereby a taxpayer deducts actual expenses incurred as well as depreciation, if he chooses; and the second is the standard mileage rate method, whereby a taxpayer deducts car expenses computed by multiplying the number of business miles driven by standard mileage rates. [3]
The burden rests on petitioner to prove that he incurred deductible business expenses in connection with his automobile. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner presented no evidence at trial, except his vague, confused, and uncorroborated testimony, to substantiate his claimed expenses of $2,360. Since petitioner failed to prove that respondent incorrectly utilized the standard mileage rate method, and he failed to prove his actual expenses, petitioner is not entitled to automobile *462 expenses in excess of the $292 allowed by respondent. For the same reasons petitioner is not entitled to depreciation. Petitioner also claimed an investment tax credit of $713.63 for the automobile; respondent disallowed this amount. Petitioner bought the automobile in August 1980. Respondent concedes that the automobile is section 38 property, which may otherwise have qualified for the investment tax credit. Nevertheless, respondent disallowed the investment tax credit claimed in 1981 because petitioner purchased the car in 1980 and placed it in service in 1980. Petitioner did not begin using his car in connection with his business until 1981. Since he placed the car in service in 1980 and utilized it for personal purposes, he is precluded from claiming an investment tax credit in 1981. Section 1.46-3(d)(4)(i), Income Tax Regs.[4]
Finally, petitioner deducted a total of $1,134.37 for home office expenses. Petitioner's gross income for the year from his business was $246.58. Respondent disallowed the entire amount of petitioner's *463 home office deduction. Section 280A(c)(1)(A) allows a deduction for expenses allocable to a home office when the home office is used exclusively and on a regular basis as the taxpayer's principal place of business for any trade or business. Section 280A(c)(5) limits a taxpayer's deduction for home office expenses to the gross income derived from the business use of the home office minus the expenses allocable thereto which are allowable without regard to such business use. Respondent concedes that petitioner had a home office but disallowed the home office expense deduction because the expenses allowable without regard to business use exceeded petitioner's gross income derived from the home office. Since those expenses did in fact exceed petitioner's gross income derived from his home office, he is not entitled to any deduction under section 280A. Section 280A(c)(5); Scott v. Commissioner,84 T.C. 683 (1985). [5]
Respondent is sustained on all issues, but due to concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On his return for 1981, petitioner utilized the standard mileage rate to compute his car and truck expenses. At trial, however, he argued that he ought to be entitled to deduct his actual expenses for the car as well as depreciation.↩
3. See Rev. Proc. 82-61, 1982-2 C.B. 849↩.
4. Solon v. Commissioner,T.C. Memo. 1980-77, affd. without published opinion 660 F.2d 496↩ (5th Cir. 1981).
5. Sessions v. Commissioner,T.C. Memo. 1981-319↩.